UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHAQUNDRA WESTLEY,

    Plaintiff,

v.                                        Case No. 3:21cv4904-MCR-HTC

6 JOHN DOE OFFICERS
  and ESCAMBIA COUNTY COMMISSIONERS,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, Shaqundra Westley, a prisoner proceeding *pro se* initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1.  The complaint was on the wrong form and was not accompanied by a motion to proceed *in forma pauperis* or the Court's filing fee.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders, and has repeatedly failed to update her address, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with an order of the Court.

On December 24, 2021, Plaintiff filed a handwritten complaint, which was not accompanied by a motion to proceed *in forma pauperis* or the Court's $402.00 filing fee. ECF Doc. 1. Plaintiff also listed a non-institutional address for herself even though she placed her complaint in "the jail mail system" and the envelope containing the complaint had an Okaloosa County DOC stamp. ECF Doc. 1 at 3-4.

Additionally, upon review of the inmate location information for Okaloosa County and the Florida Department of Corrections ("FDOC"), the Court questioned whether Plaintiff provided her correct name as the Court could not find a Shaqundra Westley at Okaloosa County DOC but was able to identify a Shaquanda Wesley who is in the custody of the FDOC. Thus, on January 4, 2022, the Court entered an order directing Plaintiff to, within twenty-one (21) days, file an amended complaint on the Court's official form for prisoners and to file a complete motion to proceed *in forma pauperis* or pay the Court's $402.00 filing fee, with her correct name. ECF Doc. 3. Because Shaquanda Wesley was incarcerated at Florida Women's Reception Center at that time, the Court directed the clerk to mail the order to that address. The mail was not returned.

The Court also directed Plaintiff to, within the same time frame, file a notice of change of address because she had been transferred from the county jail to the FDOC. *Id*. Plaintiff was advised her failure to comply with the order, may result in

Case No. 3:21cv4904-MCR-HTC

a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. *Id.*

Nonetheless, Plaintiff did not comply with that order. Thus, on February 1, 2022, the Court gave Plaintiff fourteen (14) days to show cause why her case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 4. The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff. Plaintiff has also been transferred to a new FDOC institution and, despite the Court's previous warning, she has not filed a notice of change of address.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since initiating this action approximately two (2) months ago. Indeed, since the filing of this action, it appears Plaintiff has been transferred twice and failed to notify the Court either time of her change in address. Thus, dismissal is also appropriate for failure to prosecute. Under

Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is ORDERED:

1. As a matter of courtesy, and out of an abundance of caution in case the Court is incorrect about Plaintiff's true name, the clerk shall send a copy of this order to Shaquanda S. Wesley at **Gadsden Correctional Facility (Female), 6044 Greensboro Highway, Quincy FL, 32351-9100**,[1] and to Shaquandra Westley at the **Okaloosa County Department of Corrections** where Plaintiff was incarcerated when she filed suit.

---

[1] A recent search of the FDOC inmate locator website shows Shaquanda S. Wesley is currently incarcerated at Gadsden Correctional Facility. http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=P62131&TypeSearch=AI

Case No. 3:21cv4904-MCR-HTC

Case 3:21-cv-04904-MCR-HTC   Document 5   Filed 02/23/22   Page 5 of 5

Page 5 of 5

Also, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 23rd day of February, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv4904-MCR-HTC